**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LIZETH RICARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-157-M |
| ) | |
| DON SERAPIOS, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion for Summary Judgment and Brief in Support [docket no. 13], filed October 31, 2008. On November 25, 2008, plaintiff filed her response. No reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Lizeth Ricardo, a native of Columbia, was employed as a waitress at Don Serapios Mexican Restaurant from December 2004 until she was terminated on November 12, 2007. Plaintiff alleges she was subjected to various racially based comments directly related to her national origin by co-workers who were mostly of Mexican descent. Contending that the restaurant co-managers, Janie and Jim Meadows, did nothing to stop the offensive conduct from occurring, plaintiff had a confrontation with a co-worker. Two days following the altercation, plaintiff was later terminated purportedly for being late for work.

Plaintiff now brings her claims for hostile work environment, national origin discrimination and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Pursuant to *Burk v. K-Mart Corp*., 770 P.2d 24 (1989), plaintiff also brings a state law claim for the violation of Oklahoma public policy in connection with her termination.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    DISCUSSION

A.      Hostile Work Environment

Plaintiff asserts she was subjected to conduct that was sufficiently severe and pervasive enough to create a hostile work environment. Specifically, plaintiff contends that during her employment, she was subjected to various racially based comments concerning her Colombian heritage by co-workers who were natives of Mexico. Purportedly, the objectionable conduct occurred in the presence of Janie and Jim Meadows, and plaintiff alleges that at no time did the

Meadows take action to cease or prohibit the offensive conduct from occurring.

Defendant asserts while the vast majority of employees at the restaurant are Hispanic, nowhere in her Equal Employment Opportunity Commission ("EEOC") documentary submissions does plaintiff state that she was subjected to a hostile work environment on the basis that she is Columbian. Rather, defendant contends the basis for this claim is a single incident wherein plaintiff and another Hispanic employee got into an altercation. Defendant further alleges that it first learned of the offensive conduct the evening of this confrontation. Because the EEOC charge limits plaintiff to perceived problems with a co-worker and sets forth no complaints against other employees, defendant asserts that plaintiff has failed to exhaust her administrative remedies in relation to her hostile work environment claim.

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit which are not encompassed in the EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). In Plaintiff's Exhibit 8, a document supporting the EEOC charge, plaintiff states, in part:

> ...they knew how much I had to deal with their...employees wh[o] were very racist since I wasn't Mexican. They humiliated me in every way possible; for the way I talk; for the food I like; for my hair; for my Spanish...nothing fit even though I tried hard.... But I start[ed] getting uncomfortable about all th[ese] Mexican ladies talking about me....

Plaintiff's Response, Exhibit 8, at 1. The Court finds this language can be reasonably interpreted to be a complaint in connection with a hostile work environment based on plaintiff's national origin. The Court, therefore, finds that plaintiff has exhausted her administrative remedies in relation to her hostile work environment claim.

In the alternative, defendant asserts that plaintiff is required to show "that under a totality of circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions

or privileges of employment, and (2) the harassment was racial or stemmed from racial animus", and that plaintiff is unable to make such a showing. *Chavez v. New Mexico*, 397 F.3d 826 (10th Cir. 2005). Plaintiff must also demonstrate that the harassment was severe under both an objective and subjective component. *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir. 1998). "The Supreme Court held that conduct within the purview of Title VII must be severe or pervasive enough to create both 'an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile' - and an environment the victim - employee subjectively perceives as abusive or hostile." *Smith v. Northwest Fin. Acceptance, Inc.* 129 F.3d 1408, 1413 (10th Cir. 1997).

Having reviewed the parties' submissions and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether she was subjected to a hostile work environment. Specifically, the Court finds that plaintiff has presented evidence that co-workers made repeated offensive remarks concerning her Colombian heritage, and the above-referenced comments could be construed as both severe and pervasive. As regards the subjective component, the Court finds that plaintiff has presented sufficient evidence that she believed the harassing conduct was so severe that it created an abusive or hostile environment. Furthermore, the Court finds this evidence sufficient to meet the objective requirement as well because a reasonable person could find the harassing conduct severe enough to create an abusive or hostile environment.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's hostile work environment claim.

B.   Retaliation

Defendant next asserts that plaintiff cannot establish a prima facie case of retaliation under Title VII of the Civil Rights Act of 1964.  "To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

Having reviewed the parties' submissions, the Court finds that plaintiff easily satisfies the requirements of a prima facie case of retaliation.  Specifically, plaintiff reported that she was insulted by the derogatory comments concerning Colombian people, and, thus, she engaged in the protected activity of complaining about the perceived violations of her federally protected rights. Furthermore, the Court finds plaintiff suffered the adverse employment action of termination, and her termination occurred just two days after engaging in a protected activity thereby creating a causal connection between the protected activity and the adverse employment action.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's retaliation claim.

C.   National Origin Discrimination

Defendant also asserts that plaintiff has failed to prove pretext in relation to her claim for discrimination.[1]  "To show that an employer's proffered nondiscriminatory reason for an employment action is pretextual, a plaintiff must produce evidence of 'such weaknesses,

---

[1] It appears that defendant is not contesting that plaintiff can establish a prima facie case of discrimination.

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Equal Employment Opportunity Comm'n v. BCI Bottling Co. of Los Angeles*, 450 F.3d 476, 490 (10th Cir. 2006) (internal citation omitted).

Having reviewed the parties' submissions, the Court finds that plaintiff has presented sufficient evidence to show that defendant's proffered nondiscriminatory reason for her termination is pretextual.  Defendant's legitimate nondiscriminatory reason for terminating plaintiff was based upon her habitual tardiness to work without justifiable excuse.  The Court finds this explanation pretextual for two reasons.  First, defendant asserts that plaintiff reported late for work on approximately fifty-five occasions.  Plaintiff counters that she had a flexible arrangement as to her start time in that she would arrive after completing her other job.  It appears to the Court that if plaintiff was late to work on approximately fifty occasions, that plaintiff's further tardiness on the fifty-first through fifty-fifth occasions would not necessarily present a circumstance in which to terminate plaintiff. Rather, the Court finds this reasoning incoherent in that one could infer that the parties had an agreement concerning plaintiff's flexible work start time.  Second, plaintiff was terminated two days following her workplace complaints to defendant, sufficiently close enough in time to support the inference of pretext.  In sum, the Court finds the contradiction in defendant's reason, coupled with the timing of plaintiff's termination, sufficient to establish pretext in this matter.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's national origin discrimination claim.

D.   State Law Claim

Plaintiff asserts that her co-employee's assault and battery against her constitutes an exception under Oklahoma public policy to her status as an at-will employee. Defendant asserts there are no facts which would support an extension of the public policy exception carved out by the Oklahoma Supreme Court in *Burk v. K-Mart Corp.*, 770 P.2d 24.

Pursuant to *Burk*, the Oklahoma Supreme Court carved out a public policy exception in a "narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." *Id.* at 28.

> As a general rule, it is not within the scope of an employee's employment to commit an assault upon a third person. (Citations omitted). However, this general rule does not apply when the act is one which is "fairly and naturally incident to the business", and is done "while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business." (Citations omitted). An employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer. (Citations omitted). It is the burden of the plaintiff to show that the employee was acting within the scope of his employment.

*Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1245 (Okla. 1993).

Having reviewed the parties' submissions, the Court finds that plaintiff has submitted insufficient evidence to establish her state law claim pursuant to *Burk*. The Court finds that the co-employee's scope of employment in this matter does not extend to physical contact or confrontation with other employees. Specifically, the Court finds that the co-employee's decision to grab and/or push plaintiff cannot be considered to be fairly and naturally incident to the defendant's business of running a restaurant. Therefore, the Court finds such behavior cannot be interpreted as furthering

the employer's interest.

Accordingly, the Court grants the motion for summary judgment as to plaintiff's state law claim.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment as follows: the Court GRANTS the motion for summary judgment as to plaintiff's state law claim and DENIES the motion for summary judgment in all other respects.

**IT IS SO ORDERED this 19th day of December, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE